# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS C. SHRADER,<br><br>Petitioner,<br><br>v.<br><br>S. YOUNG, Warden,<br><br>Respondent. | Case No.: 1:19-cv-00644-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges his 1976 convictions in West Virginia state court that were used to enhance the federal sentence he is currently serving. Because Petitioner is not in custody to challenge those convictions, the Court will recommend the petition be **DISMISSED**.

## I.    BACKGROUND

In 1976, Petitioner was convicted of several felonies in West Virginia state court. (Doc. 1 at 1.) He was paroled on those convictions in 1993. (Doc. 1 at 1.) On February 5, 1999, Petitioner was "discharged from parole and any or all civil rights heretofore forfeited are restored, unless otherwise prohibited by law." (Doc. 1 at 8.) In 2010, Shrader was convicted of two counts of using a facility of interstate commerce to cause the delivery of a threatening communication, and one count of being a felon in possession of a firearm. See Shrader v. West Virginia, 2019 WL 252529, *1 (S.D.W.Va.

1

2019), *appeal dismissed*, No. 19-6195, 2019 WL 1777199 (4th Cir. 2019).[1] He was sentenced to imprisonment for a term of 235 months, followed by a five-year term of supervised release. Id.

Petitioner is incarcerated at the Federal Correctional Institution located in Mendota, California. On May 13, 2019, he filed the instant federal petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) He attacks the validity of the 1976 convictions in West Virginia state court that were used in his 2010 convictions. He contends that he is actually innocent of being a felon in possession of a firearm because West Virginia law changed in 2018 such that his 1976 convictions no longer preclude him from possessing a firearm, and therefore under current West Virginia law, he would not be guilty of such crime.

## II.  DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases[2] requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8.

### B. Petitioner Not in Custody to Challenge 1976 Convictions

Petitioner has already presented his claims to the United States District Court for the Southern District of West Virginia. See Shrader v. West Virginia, 2019 WL 252529 (S.D.W.Va. 2019.) In that case, the district court concluded that Petitioner was not "in custody" to challenge his 1976 convictions. Id. The district court noted that he was seeking to attack the validity of his 1976 convictions in a § 2241 federal proceeding, which he is not permitted to do. Id. at *2. Quoting another

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981).
[2] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

2

district court decision, the West Virginia District Court set forth a summary of the law in this area, as follows:

> Under 28 U.S.C. § 2254(a), an application for a writ of habeas corpus may only be entertained on behalf of a person "in custody" pursuant to judgment of a State court; see also 28 U.S.C. 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States."). In Maleng v. Cook, 490 U.S. 488, 109 S. Ct. 1923, 104 L.Ed. 2d 540 (1989) (per curiam), the Supreme Court construed this "statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Id. at 490-91. At the time he filed his application for habeas corpus relief, Petitioner was serving the sentence on his new felony offense. The sentence on Petitioner's 1993 conviction for breaking and entering has been fully served; therefore, Petitioner is no longer "in custody" pursuant to that conviction.
>
> In deciding Maleng, the Supreme Court expressly declined to decide whether a habeas petitioner may challenge the constitutionality of a state conviction whose sentence has expired by facially attacking a current sentence that was enhanced by the prior state conviction. Id. at 494. In other words, the Court did not address whether Petitioner may attack his current conviction on the ground that it was enhanced by a prior, allegedly unconstitutional, state conviction. Many federal circuits have answered this question left open by the Supreme Court in the affirmative. See Smith v. Farley, 25 F.3d 1363, 1365-66 (7th Cir. 1994); Collins v. Hesse, 957 F.2d 746, 748 (10th Cir. 1992); Allen v. Collins, 924 F.2d 88, 89 (5th Cir. 1991). In a recent decision, the Sixth Circuit recognized that these circuit court decisions were effectively overruled by the Supreme Court's decision in Daniels v. United States, 532 U.S. 374, 121 S. Ct. 1578, 149 L.Ed. 2d 590 (2001) and Lackawanna County District Attorney v. Coss, 532 U.S. 394, 121 S. Ct. 1567, 149 L.Ed. 2d 608 (2001).... See Steverson v. Summers, No. 99-5694, 2001 WL 830452, slip op at 5-6 (6th Cir. July 25, 2001) (to be reported as 258 F.3d 520).
>
> The Supreme Court decisions in Daniels and Coss bar a prisoner from challenging a prior, expired conviction, by bringing a federal habeas action attacking a current sentence that was enhanced by a prior conviction:
>
>> More important for our purposes here is the question we explicitly left unanswered in Maleng: "the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance." 490 U.S. at 494, 109 S. Ct. 1923, 104 L.Ed. 2d 540. We encountered this same question in the § 2255 context in Daniels v. United States, 532 U.S. at ——, 121 S. Ct. 1578, 149 L.Ed. 2d 590. We held there that "[i]f ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant ... may not collaterally attack his prior conviction through a motion under § 2255." Id., at ——, 532 U.S. 374, 121 S. Ct. 1578, 1583, 149 L.Ed. 2d 590. We now extend this holding to cover § 2254 petitions directed at enhanced state sentences.
>
> Coss, 121 S. Ct. at 1573.

Shrader, 2019 WL 252529, at *3-4 (quoting Garrison v. Wolfe, 2007 WL 851881, *1-2 (W.D. Mich. 2007). Based on these cases, the West Virginia District Court determined that Petitioner could not

bring a federal habeas petition to collaterally attack his long-expired 1976 state court convictions. Id. at *4. For the same reasons set forth by the West Virginia District Court, this Court recommends the petition be dismissed.

C. Lack of Jurisdiction

In addition, the Court is without jurisdiction to entertain Petitioner's claims. A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. This exception is referred to as the "savings clause." The Ninth Circuit has recognized that this savings clause is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255

4

motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). In this circuit, Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241 via the savings clause) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. Both requirements must be met, and the burden is on the petitioner to show that the remedy is inadequate or ineffective. Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012); Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner seeks to challenge his 2010 West Virginia District Court convictions by way of the savings clause. Based on the fact that Petitioner has already sought the same relief for his claims in his West Virginia District Court case, Shrader, 2019 WL 252529, it is clear he has had an unobstructed procedural opportunity to present his claims. For this reason as well, the petition should be summarily dismissed.

### III. ORDER

The Clerk of Court is DIRECTED to assign a district judge to this case.

### IV. RECOMMENDATION

Accordingly, the Court RECOMMENDS that the instant petition for writ of habeas corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to objections are due within ten court days of the date of service of objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///
///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: **May 17, 2019**     **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE